UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HENRY LEONARD                           CIVIL ACTION NO. 07-0813

versus                                  JUDGE WALTER

STATE OF LOUISIANA, ET AL               MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

    Henry Leonard ("Plaintiff") is a prisoner housed at the David Wade Correctional Center ("DWCC"). Plaintiff alleges that he has been a member of the Nation of Islam church since 1985. Plaintiff subscribed to *The Final Call*, a publication relating to the Nation of Islam religion, but DWCC officials denied Plaintiff access to and receipt of the publication beginning May 16, 2006. Prison officials allegedly banned *The Final Call* based on a claim that it interferes with rehabilitation of inmates or maintenance of internal security. Plaintiff complains that there are no Nation of Islam materials available in the DWCC library or chapel, and that he has no other source to acquire materials related to his religion. He denies that the publication poses any threat to order or safety.

    Plaintiff named as Defendants the State of Louisiana, through the Department of Public Safety and Corrections; Secretary Richard Stalder; DWCC Warden Venetia Michael; and Lt. Col. Jackie Hamil, a corrections officer at DWCC. The complaint asserts a claim under 42 U.S.C. § 1983 on the grounds that denial of *The Final Call* violates Plaintiff's right to free exercise of his religion guaranteed under the First and Fourteenth Amendments.

Plaintiff asserts a second claim under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").  Plaintiff seeks injunctive relief and damages.  Before the court is a Motion to Dismiss (Doc. 13) filed by all Defendants on a number of grounds.

**Administrative Exhaustion**

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Plaintiff alleged in his complaint that he filed a request for administrative relief. The grievance was denied at the first step and on the second (and final) step of administrative review.  Complaint, ¶ 4.  Defendants assert that the court nonetheless lacks subject matter jurisdiction because Plaintiff did not also seek *judicial* review in the state courts before he filed this federal action. First, "failure to exhaust is an affirmative defense under the PLRA," not an issue of subject matter jurisdiction. Jones v. Bock, 127 S.Ct. 910, 921 (2007). Second, Defendant's argument lacks merit for the reasons set forth below.

This court is aware from countless cases that prisoners at DWCC are subject to a two-step administrative remedy process.  The first step is the filing of a grievance that, if procedurally proper, will receive a response from a DWCC official.  If Plaintiff is not satisfied with that response, he may take the second and final step of the administrative process by appealing to Secretary Stalder.  Several hundred cases by DWCC prisoners have

come before this court, and many of them involved exhaustion issues, but never has any defendant suggested that more was required to satisfy the requirement of Section 1997e(a). These Defendants, however, assert that Plaintiff was required to also seek judicial review in the Louisiana state courts pursuant to La.R.S. 15:1177(A), which provides that an offender who is aggrieved by an adverse decision by the Department of Public Safety and Corrections "pursuant to any administrative remedy procedures under this Part may, within thirty days after receipt of the decision, seek judicial review of the decision" in a state court.

Defendants cite no authority for the novel proposition that when Congress spoke in Section 1997e(a) of exhaustion of "administrative remedies" it intended to include a requirement that a prisoner also pursue all available judicial remedies.  The contention is contrary to the plain language of the statute, and there has been no suggestion from the Fifth Circuit that there is such a requirement.  Other courts have squarely rejected similar arguments.

In Jenkins v. Morton, 148 F.3d 257 (3rd Cir. 1998), the district court held that PLRA exhaustion required pursuit of judicial review of the grievance decision because there was a right to appeal under the state administrative code.  The Third Circuit reversed. The Court of Appeals pointed out that "there is a well-established distinction between administrative and judicial remedies and Congress, in terms, did not mandate that the prisoner must exhaust his administrative remedies and exhaust his right to judicial appellate review before bringing an action within section 1997e(a)."  Similarly, in Rumbles v. Hill, 182 F.3d 1064, 1069-70

(9th Cir. 1999), overruled on other grounds, <u>Booth v. Churner</u>, 121 S.Ct. 1819 (2001), the Court observed that "Congress had internal prison grievance procedures in mind when it passed the PLRA" and did not intend to require prisoners to exhaust other procedures that might be available under state law. That logic is persuasive, so Defendants' request for dismissal based on an asserted lack of administrative exhaustion should be denied.[1]

Defendants also argue that the action is untimely because it was filed beyond the 30 days available to pursue judicial review in state court. That argument should be rejected. A prisoner has one year to pursue a Section 1983 claim in Louisiana, subject to tolling while the administrative process is pending. <u>Harris v. Hegmann</u>, 198 F.3d 153, 158-59 (5th Cir. 1999); <u>Tilmon v. Prator</u>, 292 F.Supp.2d 898, 899-900 (W.D. La. 2003). There is no showing on the face of the complaint, which is the extent of inquiry on a Rule 12(b)(6) motion, that a timeliness defense has merit under those rules.

**Eleventh Amendment Issues**

The Department of Public Safety and Corrections is protected by the Eleventh Amendment from lawsuits brought in federal court under Section 1983. <u>Champagne v. Jefferson Parish Sheriff's Office</u>, 188 F.3d 312 (5th Cir. 1999); <u>Alfred v. Louisiana Dept. of</u>

---

[1] Prisoners have been ordered to exhaust the judicial remedies available under La.R.S. 15:1177(A) in a sentence computation challenge or other habeas corpus context. The difference is that in this Section 1983 case federal law requires prior exhaustion of *administrative* remedies, but in habeas cases federal law requires the exhaustion of the "remedies available in the *courts* of the State." 28 U.S.C. § 2254(b)(1)(A) (emphasis added). <u>See</u>, <u>e.g.</u>, <u>Wilton v. Louisiana Dept. of Corrections</u>, 2007 WL 2081022 (W.D. La. 2007).

Public Safety and Corrections, 2007 WL 2903033, *2 (W.D. La. 2007).  Claims against state officials such as Stalder, Michael and Hamil in their *official* capacities generally represent only another way of pleading an action against the Department, so a plaintiff seeking to recover damages in an official-capacity action must look to the government entity itself, which makes the Eleventh Amendment applicable.  Kentucky v. Graham, 105 S.Ct. 3099, 3105 (1985).  As for *individual* capacity claims, the general rule is that the Eleventh Amendment does not bar such a suit against a state officer. Modica v. Taylor, 465 F.3d 174, 183 (5th Cir. 2006).

Plaintiff's complaint names Stalder, Michael and Hamil in both their individual and official capacities.  The complaint prays for injunctive relief, a well as nominal, punitive and compensatory damages, but it does not specify which particular remedies are sought from which defendants in what capacities.

Defendants assert a broad challenge under the Eleventh Amendment to all claims against the Department and the three officials in their official capacities.  The main body of Defendants' argument challenges only the Section 1983 claim (Doc. 13-2, p. 7), but footnote 2 of the brief includes a contention that the Eleventh Amendment bars claims under the RLUIPA.

The forms of relief available against individual and official capacity defendants, and the application of the Eleventh Amendment to the RLUIPA, are difficult questions that have divided the federal courts.  Two recent decisions that tackled several of the issues are Smith

v. Allen, ___ F.3d ____, 2007 WL 2826759 (11th Cir. 2007) and Madison v. Virginia, 474

F.3d 118 (4th Cir. 2006).  Fortunately, some of the difficult issues may be avoided because

Plaintiff has clarified in his memorandum that he does not seek every available form of relief

from every defendant.  Plaintiff states:

> Plaintiff does not seek damages against any state official in their
> official capacity.  Plaintiff only seeks injunctive relief as to
> Defendants in their official capacity.  Plaintiff seeks damages
> only against Defendants Stalder, Michael and Hamil, and in
> their individual capacities only.

Doc. 17, p. 11.

Whether Plaintiff may obtain damages under Section 1983 from the individual defendants

in their individual capacities is not affected by the Eleventh Amendment. Whether individual

liability may be imposed under the RLUIPA is a separate question that will be addressed in

another section of this Report and Recommendation.  This section will focus on the claims

against the Department and the official capacity defendants.

Plaintiff bases his claims for injunctive relief against the state officials in their official

capacities on Ex parte Young, 28 S.Ct. 441 (1908).  In that case, the Supreme Court carved

out an exception to Eleventh Amendment immunity. It held that enforcement of an

unconstitutional law or policy is not an official act because a state cannot confer authority

on its officers to violate the Constitution.  Accordingly, a plaintiff may bring suit against a

state official in his official capacity as an agent for the state, allege a violation of the

Constitution, and obtain declaratory or injunctive relief that is prospective in effect.  <u>Aguilar v. Texas Department of Criminal Justice</u>, 160 F.3d 1052, 1054 (5th Cir. 1998).

Plaintiff has pleaded claims that fit within the framework of <u>Ex parte Young</u> and may survive pleadings review. Defendants ignored <u>Ex parte Young</u> in their original memorandum, but they accept the premise in their Reply Memorandum (Doc. 20), with two exceptions.  The first claimed exception is that the Eleventh Amendment bars official capacity actions for monetary damages, but Plaintiff could not have been more clear that he "does not seek damages against any state official in their official capacity."  Defendants' second claimed exception is that the injunctive relief sought by Plaintiff is retrospective, not prospective, because Plaintiff (as Defendants characterize his demands) "seeks to be restored to the status quo existing prior to the ban" on his desired publication.  The conclusory argument lacks merit.  Plaintiff seeks an injunction that will permit him to receive a publication after the injunction issues. That is prospective relief. To the extent Plaintiff seeks another form of injunctive relief, and none is obvious, the court will limit it in accordance with what is permitted by the Eleventh Amendment.

Plaintiff has not clarified whether he seeks money damages against the Department itself.  Such a claim under Section 1983 would be barred by the Eleventh Amendment. <u>Champagne</u>, 188 F.3d at 313.  Whether money damages are available under the RLUIPA against a state or state agency is not certain.  <u>See</u> <u>Smith v. Allen</u>, <u>supra</u> and <u>Madison v. Virginia</u>, <u>supra</u>.  The court should not grapple with that difficult issue until such time as

Plaintiff makes clear that he seeks such damages. That is especially true in light of the conclusion, reached below, that only nominal (and not compensatory) damages would be available on such a claim.

**Individual Liability Under RLUIPA**

The RLUIPA provides that a person may file suit for a violation and "obtain appropriate relief against a government." 42 U.S.C. § 2000cc-2(a). The term "government" is defined as including a state, county or other governmental entity, a branch or agency or "official of an entity" listed in the statute, and "any other person acting under color of State law." 42 U.S.C. § 2000cc-5.

Defendants cite several district court decisions for the proposition that an individual capacity suit is not permitted by the statute. See Doc. 13-2, pp. 10-11. Plaintiff responded by citing several other district court decisions that he represents have recognized claims for individual liability under the RLUIPA. See Doc. 17, pp. 17-18. The undersigned is persuaded by the Eleventh Circuit's analysis in Smith v. Allen, which appears to be the only circuit court decision directly on point. The Smith Court reasoned that the plain language of the statute may indicate that it was designed to provide for monetary relief against an individual government employee ("other person acting under color of State  law"), but the reach of the relevant part of the Act is limited because it was enacted pursuant to Congress'

spending power under Article I of the Constitution.[2]  Congress can use that power to subject

a recipient of federal funds to certain conditions, but it does not allow Congress to subject

to private liability for monetary damage an individual who is not a recipient of the federal

funds.  Federal courts have used this reasoning to hold that Title IX, also Spending Power

legislation, does not authorize suit against public officials in their individual capacities.  The

Eleventh Circuit concluded that the RLUIPA could not be construed as creating a private

---

[2] The relevant statute, 42 U.S.C.A. § 2000cc-1, provides:

**(a) General rule**

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person--

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

**(b) Scope of application**

This section applies in any case in which--

(1) the substantial burden is imposed in a program or activity that receives Federal financial assistance; or

(2) the substantial burden affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several States, or with Indian tribes.

action against individual defendants for monetary damages.  The undersigned agrees and recommends that any such claims in this case be dismissed.

This does not mean that Plaintiff is left without individual capacity monetary damage claims.  Plaintiff maintains his Section 1983 claims.  He is also able to obtain injunctive relief under Section 1983 or the RLUIPA if he prevails on either of those claims.

**Significant Injury**

Defendants devote three pages to a discussion of the "significant injury" requirement developed in <u>Johnson v. Morel</u>, 876 F.2d 477 (5th Cir. 1989).  The standard was employed by the Fifth Circuit from 1989 until 1992 in Fourth and Eighth Amendment excessive force cases, but it was overruled some fifteen years ago by the Supreme Court in <u>Hudson v. McMillian</u>, 112 S.Ct. 995 (1992).  <u>See</u> <u>Ikerd v. Blair</u>, 101 F.3d 430, 434 n.7 (5th Cir. 1996).

Defendants overlook or ignore that significant injury jurisprudence is no longer valid. Moreover, they make no effort to explain how that aspect of Fourth and Eighth Amendment excessive force jurisprudence would require dismissal of the First Amendment and RLUIPA claims that are at issue.  This appears to be a case of wreckless copying and pasting from an outdated source, which has resulted in a waste of time for Plaintiff's counsel and the court. Counsel should take special care to avoid including such irrelevant, out of place and meritless arguments in any future briefs.  Resolving the issues presented in this case is difficult enough without such distractions.

**Compensatory Damages**

Whether Plaintiff suffered a physical injury (of any degree) is relevant to another argument made by Defendants.  That argument is based on Congress' provision that: "No federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, *for mental or emotional injury* suffered while in custody without a prior showing of *physical* injury." 42 U.S.C. § 1997e(e) (emphasis added).

The Fifth Circuit has joined the majority of federal circuits and held that the statute bars the recovery of compensatory damages for mental or emotional injury absent a showing of physical injury, even though the violations at issue (such as First Amendment claims) are not usually accompanied by physical injury.  Geiger v. Jowers, 404 F.3d 371, 374-75 (5th Cir. 2005) (no compensatory damages available to prisoner arising from deprivation of publication).  The statute applies to both Section 1983 claims and claims based on other federal statutes. Davis v. District of Columbia, 158 F.3d 1342, 1348-49 (D.C. Cir.1998). That includes claims under the RLUIPA. Smith v. Allen, 2007 WL 2826759 **11-12 (Section 1997e(e) limited prisoners' monetary recovery in a similar RLUIPA case to nominal damages).

Plaintiff essentially concedes the point in his memorandum with this statement: "Plaintiff seeks damages for a violation of his constitutional rights, not for infliction of emotional distress or mental anguish." Doc. 17, page 24. That limits Plaintiff's monetary recovery to nominal damages, which are the proper award for  a violation of constitutional

rights unaccompanied by compensable injury or damage. <u>Carey v. Piphus</u>, 98 S.Ct. 1042 (1978); <u>Williams v. Kaufman County</u>, 352 F.3d 994, 1014-15 (5th Cir. 2003). And nominal damages are not barred by Section 1997e(e). <u>Boyd v. Stalder</u>, 2006 WL 3813711 (W.D. La. 2006) Accordingly, the undersigned recommends that all claims for compensatory damages due to the allegedly wrongful denial of the religious publication at issue be dismissed.

**Punitive Damages**

Plaintiff's complaint includes a general prayer for punitive damages.  Defendants argue, citing authority that limits the imposition of punitive damages on government entities, that all claims for punitive damages should be dismissed.

Plaintiff's memorandum clarifies that he "does not seek punitive damages against the Defendants in their official capacities.  He seeks them only in their individual capacities." Doc. 17, p. 27.  A Plaintiff who prevails on a Section 1983 claim may recover punitive damages against an individual defendant if the defendant's conduct was motivated by evil motive or intent or involved reckless or callous indifference to federally protected rights. <u>Smith v. Wade</u>, 103 S.Ct. 1625 (1983); <u>Williams</u>, 352 F.3d at 1015.  Given Plaintiff's limitation of his demand for punitive damages to claims against individual defendants in their individual capacities, this aspect of the motion to dismiss should be denied.

**Statement of a Claim; Qualified Immunity**

Defendants argue that Plaintiff did not plead a Section 1983 claim with adequate specificity and, in a related argument, that the individual defendants are entitled to qualified immunity. For the reasons that follow, both arguments should be rejected.

Prisoners retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion. O'Lone v. Estate of Shabazz, 107 S.Ct. 2400, 2404 (1987), citing Cruz v. Beto, 92 S.Ct. 1079 (1972). Lawful incarceration, however, brings about the necessary withdrawal or limitation of some rights. Prison regulations that infringe on constitutional rights are judged under a reasonableness test that is less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights. O'Lone, 107 S.Ct. at 2404.

The basic test asks whether a prison regulation that affects a constitutional right is reasonably related to legitimate penological interests. Turner v. Safley, 107 S.Ct. 2254, 2261 (1987). The Court has identified four factors that are relevant in deciding whether a prison regulation withstands challenge: Whether the regulation has a valid, rational connection to a legitimate government interest; whether alternative means are open to inmates to exercise the asserted right; what impact an accommodation of the right would have on guards and inmates and prison resources; and whether there are ready alternatives to the regulation. Turner, supra; Thornburgh v. Abbott, 109 S.Ct. 1874, 1882-85 (1989).

When ruling on a motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.  Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). The Turner factors must, therefore, be assessed at this stage based only on the facts in Plaintiff's complaint. Plaintiff alleges that he has been a member of a church known as the Nation of Islam since 1985.  Complaint, ¶ 10.  "Religious reading materials are needed in order to maintain and expand upon his religious faith and belief."  Id.  To facilitate the practice of his religious faith and for purposes of religious study, Plaintiff ordered a publication relating to his religion called *The Final Call*, a newspaper published by the Nation of Islam.  Plaintiff had no difficulty in obtaining the religious publication prior to May 9, 2006.  ¶ 11.

Defendants Michael and Hamil, on or about May 16, 2006, denied Plaintiff access to or receipt of *The Final Call*.  Afterward, Plaintiff "has been unable to obtain books and other written material from any source that supplies Nation of Islam publications.  ¶ 12.  Plaintiff alleges that *The Final Call* is a legitimate source of Nation of Islam information, and Plaintiff is aware of no other source from which he can obtain the materials.  There are no Nation of Islam materials in the DWCC library, and there are no materials related to the religion available in the prison chapel. ¶ 13.

The prison officials cited a DOC regulation and claimed that *The Final Call* interferes with legitimate penal objectives of rehabilitation of inmates or maintenance of internal security.  Id.  In fact, according to Plaintiff's complaint, Nation of Islam materials such as

*The Final Call*, pose "no threat whatsoever to order or safety at DWCC."  ¶ 13.  Plaintiff denies that Defendants have a legitimate interest in blocking his access to Nation of Islam religious materials.  ¶ 14.  Meanwhile, other prisoners who are of the Baptist, Catholic or other Christian faiths "have no difficulty whatsoever in obtaining religious publications." ¶ 17.  Plaintiff describes his Section 1983 claim arising from these actions as based on "right to free exercise of religion guaranteed under the First and Fourteenth Amendments to the United States Constitution."  ¶ 23.

Plaintiff has adequately set forth a short and plain statement of his claim in compliance with Fed. R. Civ. P. 8(a).  That is all that is required to survive the motion to dismiss with respect to his claims against the Department, official capacity claims, and requests for injunctive relief.  Qualified immunity and its heightened pleading standard apply only to money damages claims against individual defendants. Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995); Chrissy F. by Medley v. Mississippi Dep't of Public Welfare, 925 F.2d 844, 849 (5th Cir.1991).  The only claims of that sort are the nominal damages claims that remain against Stalder, Michael and Hamil in their individual capacities. Those claims are addressed below.

"When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002)(en banc). In a Rule 12(b)(6) contest, that means the Plaintiff must point to portions of his complaint "that state with factual detail and particularity the basis for

the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." Babb v. Dorman, 33 F.3d 472, 477 (5th Cir. 1994).  Each defendant is entitled to individual consideration of the claims against him.  Meadours v. Ermel, 483 F.3d 417, 421-22 (5th Cir.2007).

The complaint sets forth sufficient, specific facts to overcome qualified immunity with respect to the claims against Michael and Hamil.  Those two defendants are alleged to have been directly involved in the decision to deny Plaintiff access to his religious publication.  Complaint, ¶ 12.  The allegations outlined above depict a violation of a constitutional right under the free exercise clause that was clearly established at the relevant time, as demonstrated by the citations above to O'Lone and Cruz.  The court may not speculate as to facts that might satisfy the Turner factors on this pleadings review. Rather, it must accept Plaintiff's alleged facts as true, and those facts are that Plaintiff had no other source of religious materials and that the banned publication posed no threat to prison security or other legitimate concerns. Those facts overcome the qualified immunity plea made by Michael and Hamil.

The individual capacity claim against Secretary Stalder, however, does not survive qualified immunity review.  Stalder's name appears in Paragraph 6 in the list of defendants. It appears only one other time of significance, and that is in Paragraph 4 where Plaintiff alleges that his second-step administrative appeal was denied by Secretary Stalder.  That is insufficient to state a claim for individual liability.

First, Plaintiff "does not have a federally protected liberty interest in having [his] grievances resolved to his satisfaction." Geiger v. Jowers, 404 F.3d at 373-74. Second, *every* claim that is properly exhausted by a state prisoner in a prison operated by the Department of Public Safety and Corrections will have been subjected to step-two administrative denial by Secretary Stalder. Plainly, that alone can not be enough to hold Stalder personally liable for money damages in every such case should the prisoner later file suit based on the grieved claim and prevail in court.  Supervisory officials over a large institution or state agency "cannot be expected to intervene personally in response to every inmate letter they receive." Johnson v. Johnson, 385 F.3d 503, 526 (5th Cir. 2004).  A supervisor is entitled, without risking the imposition of personal Section 1983 liability, to rely (except perhaps in the most egregious cases) on the decisions that are made in the field by wardens and other correctional officers with more direct, specific or knowledgeable information about a situation. See Jones v. Livingston, 2005 WL 3618316 (S. D. Tex. 2005) (applying Johnson to dismiss claims against a warden who relied upon medical decisions of prison physician).

Warden Michael and Lt. Col. Hamil's alleged denial of the publication may or may not prove to have been lawful, but Secretary Stalder is not personally liable for a constitutional violation merely because he did not grant administrative relief when Plaintiff appealed an ARP grievance to him.  To the extent one might argue with that conclusion, the argument could overcome qualified immunity only if clearly established law could be cited

that would impose liability on Stalder under those circumstances.  Plaintiff has not cited such a case.

**Attorney Fees**

Defendants close their memorandum with a request for prevailing party attorney fees under 42 U.S.C. § 1988.  It remains to be seen who will be the prevailing party or parties in this action.  Once the merits have been fully decided, the prevailing party or parties may file a motion for fees.

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 13)** be **granted in part** as follows**:** (A) the remedies on Plaintiff's claims against the official capacity defendants should be limited to prospective, injunctive relief; (B) Plaintiff's RLUIPA claims against Richard Stalder, Venetia Michael and Jackie Hamil in their individual capacities should be dismissed for failure to state a claim on which relief can be granted; (C) all of Plaintiff's claims for compensatory damages should be dismissed with prejudice; and (D) all of Plaintiff's Section 1983 claims against Richard Stalder should be dismissed with prejudice based on qualified immunity.  **IT IS RECOMMENDED** that the motion be **denied** in all other respects.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 20th day of November, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE