UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

HENRY LEONARD                       CIVIL ACTION NO.: 07-813

VERSUS                              JUDGE ELIZABETH ERNY FOOTE

STATE OF LOUISIANA, ET AL           MAGISTRATE JUDGE MARK HORNSBY

_____

## MEMORANDUM RULING

Before the Court is a third motion for attorneys' fees, filed by the Plaintiff,

Henry Leonard ("Leonard").  See Record Document 108.  This motion is associated

with the Plaintiff's opposition to the Defendants' petition for writ of *certiorari*

("petition") to the United States Supreme Court.  Having reviewed the instant

motion, the opposition thereto [Record Document 115], and the applicable law, the

Court finds that an award in the amount of $34,943.61 constitutes reasonable

attorneys' fees in this matter.  Accordingly, Leonard's motion for attorneys' fees

[Record Document 108] shall be **GRANTED**.

## I.  BACKGROUND

Leonard is a prisoner housed at David Wade Correctional Center ("David

Wade") in Louisiana.  A member of the Nation of Islam, Leonard filed this suit

against the Defendants when prison officials denied him access to *The Final Call*, a

religious and political newsletter published by the National of Islam.[1]  Judge Walter,

to whom this case was previously assigned, found that David Wade's decision to

withhold access to *The Final Call* was a violation of the First Amendment and the

Religious Land Use and Institutionalized Persons Act.   He granted prospective

injunctive relief and ordered David Wade to deliver future issues of *The Final Call*,

subject to a Department of Corrections regulation.   Thereafter, Judge Walter

awarded attorneys' fees at a rate of $175.00 per hour to Katie Schwartzmann

("Schwartzmann"), the ACLU attorney handling the case, and Nelson Cameron

("Cameron"), the local attorney on the case.  In so doing, Judge Walter noted that

any award of attorneys' fees would be subject to the cap imposed by the Prison

Litigation Reform Act ("PLRA").  The PLRA caps the fee at 150% of the current rate

for court appointed attorneys.   Thus, the maximum allowable hourly rate Judge

Walter could have awarded was $187.50, which is 150% of the $125 hourly rate for

court appointed attorneys in the Western District of Louisiana.   Judge Walter

awarded fees at an hourly rate of $175.00 per hour. See Record Document 77.

Subsequently, the Defendants unsuccessfully appealed to the Fifth Circuit

Court of Appeals.   During this process, attorney Justin Harrison ("Harrison")

---

[1] The facts of this case have been set forth in a previous memorandum
ruling issued by Judge Walter, and thus a detailed recitation is unnecessary at
this time.  See Record Document 77.

replaced Schwartzmann at the ACLU.  Following his success, Leonard again moved

Judge Walter for attorneys' fees based upon his defense of the case at the appellate

level.  In his motion, he contended that $200.00 would be a reasonable hourly rate

for his attorneys.  However, he failed to explain how he reached the suggested rate

of $200.00 per hour, nor did he explain how an award at this rate would not violate

the 150% cap.[2]  See Record Documents 104 & 106.  Judge Walter once again awarded

fees at a rate of $175.00 per hour.  See Record Document 107.

Thereafter, the Defendants filed the petition , seeking Supreme Court review

of the Fifth Circuit's opinion.  Initially, Leonard decided to waive opposition to the

petition; however, the Supreme Court called for a response.  Thus, Leonard's

attorneys submitted an opposition. Ultimately, the Supreme Court denied the

Defendants' petition.  Leonard then filed the instant motion requesting attorneys'

fees in the amount of $41,919.30, which he claims are representative of the time

Harrison, Cameron, and ACLU attorney Daniel Mach ("Mach") spent opposing the

petition.  The Defendants oppose the instant motion.  See Record Document 115.

After briefing on this issue was submitted, the case was transferred from Judge

Walter to the undersigned for resolution.  See Record Document 117.

---

[2] The Defendants did not file an opposition to the second motion for attorneys' fees.

## II.  LAW AND ANALYSIS

**A.     The Legal Standard For Fixing Attorneys' Fees.**

As the prevailing party in this litigation, Leonard is entitled to an award of attorneys' fees.  However, the award of said fee is governed by the PLRA.  Title 42, United States Code, Section 1997e(d) provides in pertinent part:

> (d) Attorney's fees
>
> > (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that--
> >
> > > (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and
> > >
> > > (B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or
> > >
> > > (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.
> >
> > (2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant.  If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.
> >
> > (3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel.

(4) Nothing in this subsection shall prohibit a prisoner from entering into an agreement to pay an attorney's fee in an amount greater than the amount authorized under this subsection, if the fee is paid by the individual rather than by the defendant pursuant to section 1988 of this title.

In order to calculate the proper amount of attorneys' fees to be awarded, district courts use the lodestar method. See Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). Under the lodestar method, the court determines the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys. See id. These two figures are multiplied together to arrive at the lodestar. See id. Reasonable fees "are to be calculated according to the prevailing market rates in the relevant community," regardless of whether the prevailing party is represented by private counsel or a non-profit legal aid society. Blum v. Stenson, 465 U.S. 886, 104 S. Ct. 1541 (1984). The Fifth Circuit Court of Appeals has stressed that the lodestar is presumptively reasonable and should be adjusted upward or downward only in exceptional circumstances, and only if an analysis of the twelve factors set forth in Johnson v. Ga. Highway Express, 488 F.2d 714, 717-19 (5th Cir. 1974), so warrants. See Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993) The twelve Johnson factors are as follows: 1) the time and labor required for the litigation; 2) the novelty and complexity of the issues; 3) the skill required to properly litigate the issues; 4) whether the attorneys had to refuse other

5 of 12

work to litigate the case; 5) the attorneys' customary fee; 6) whether the fee is fixed or contingent; 7) whether the client or case circumstances imposed any time constraints; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) whether the case was "undesirable"; 11) the type of attorney-client relationship and whether that relationship was long-standing; and 12) awards made in similar cases.  See Johnson, 488 F.2d at 717-19.  "The Supreme Court has twice made clear that the most critical factor in determining the reasonableness of a fee award in a civil rights suit is the degree of success obtained."  Migis, 135 F.3d at 1047 (citing Farrar v. Hobby, 506 U.S. 103, 114, 113 S. Ct. 566, 574 (1992)) (internal marks omitted).

## B.    Billing Judgment.

The party requesting an award of attorneys' fees bears the burden of demonstrating the reasonableness of the hours billed and must prove that billing judgment was exercised.  See Saizan v. Delta Concrete Prods. Co., 448 F.3d 795, 799 (5th Cir. 2006).  "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant."  Id.  All "excessive, duplicative, or inadequately documented" time should be eliminated from an attorney's fee award.  Watkins, 7 F.3d at 457.  "The hours surviving this vetting process are those reasonably expended on the litigation."  Id.; see also

Alberti v. Klevenhagen, 896 F.2d 927, 930 (5th Cir. 1990) ("Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but also hours written off."); Leroy v. City of Houston, 831 F.2d 576, 585 (5th Cir. 1987) (explaining that billing records that lack explanatory details are unacceptable). "The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." Walker v. U.S. Dep't of Housing and Urban Dev., 99 F.3d 761, 770 (5th Cir. 1996).

In the instant case, Leonard has failed to establish that he exercised billing judgment. To be sure, his attorneys boldly claim that billing judgment has been exercised. Specifically, Harrison submits that he "discounted duplicative time- i.e. time spent on earlier research and writing that he could incorporate into the opposition brief- but nonetheless spent many hours researching, drafting, revising and polishing the final product." Record Document 108-1, pp. 5-6. Likewise, Mach's declaration represents that he "contemporaneously discounted the hours actually expended, taking into account the nature of the work, whether it was duplicative, whether the hours worked were excessive in any way, and whether the task would ordinarily be billed to a client." Record Document 108-4, p. 3. These conclusory assertions do not constitute billing judgment. In short, the billing records contain no indication of the hours the attorneys wrote off as redundant,

unproductive, or excessive.   Accordingly, a downward adjustment of five percent

is warranted to account for billing judgment.[3]

**C.      Calculation Of The Lodestar.**

As previously mentioned, Judge Walter has twice awarded attorneys' fees in

this matter.   Both awards were calculated at an hourly rate of $175.00.   Leonard

submits that the appropriate hourly rate for his attorneys' efforts is $211.50, "the

current hourly maximum for inmate claims" under the PLRA.   Record Document

108-1, p. 3.   In support of his proposition that the rate has been increased, Leonard

posits that

> For fiscal year 2011, the Judicial Conference raised the authorized
> maximum payment to $141 per hour for in- and out-of-court work for
> all districts by non-capital CJA attorneys. *See* Administrative Office of
> the U.S. Courts, The Judiciary, Fiscal Year 2011, Congressional Budget
> Summary at 7, 39 (Feb. 2010).  **Under these caps, the maximum PLRA
> rate currently is $211.50 per hour (150% of $141)**.

Id. at n.3 (emphasis in original).

After finally locating the publication cited by Leonard, the Court has learned

that the CJA rate has not, in fact, been increased to $141.00 per hour, despite

Leonard's assurances to the contrary.   Rather, the rate is $125.00 per hour, just as it

was during Leonard's prior two fee applications.   The publication cited by Leonard

---

[3] The offset will be applied after all specific, non-compensable or erroneous
charges have been subtracted from the initial lodestar figure.

is the Judiciary's **request** for funding for the 2011 fiscal year. Clearly, a judiciary request for an increase in funding is just that- the judiciary's request for more money. This request cannot be construed as an actual, effective increase in the hourly rate paid to CJA attorneys.[4] The applicable CJA rate in the Western District of Louisiana is $125 per hour. 150% of $125.00 is $187.50, which is the maximum hourly compensation that may be paid to Leonard's attorneys.

This Court will award the maximum rate of $187.50 to reflect the uniqueness and significance of the work completed, and the fact that this type of work is not done as routinely as counsels' work at the district court and appellate levels. In addition, the Court takes into consideration the fact that Leonard did not intend to oppose the Defendants' petition, but rather was asked to submit an opposition by the Supreme Court. Thus, the work performed is attributable to a specific request from the Court itself. Using the rate of $187.50, the amount of attorneys fees claimed for hours billed is as follows:

| | | | |
|---|---|---|---|
| Harrison: | 187.7 hours x $187.50 | = | $35,193.75 |
| Mach: | 8.2 hours x $187.50 | = | $1,537.50 |
| Cameron: | 2.3 hours x $187.50 | = | $431.25 |

---

[4] It is alarming that Leonard would submit such an erroneous suggestion to the Court, and even more concerning that Leonard's entire fee application is founded upon this erroneous hourly rate.

The Defendants challenge Harrison's number of hours worked, arguing that his time is excessive in comparison to the hours that the defense spent on the same matter. This Court does not find Harrison's time excessive, when considering that defense attorney Amy McInnis spent nearly ninety-six hours in the preparation of the petition. However, in reviewing Harrison's bill, the Court has located one administrative entry which should be reduced: .40 hours on June 5, 2012 for an activity described as "mailed opp cert waiver to all counsel." Record Document 108-3, p. 5. This appears to be an administrative entry, which should be charged at a lower rate. Judge Walter previously awarded $35.00 for administrative work; this Court will do the same.

The Defendants next challenge Mach's bill, claiming that his submission includes work completed during the Fifth Circuit phase of the case. Specifically, Mach claims 0.2 hours on February 10, 2011 for work described as "conferred w. Schwartzmann re appeal, potential amicus support" and 1.5 hours on April 10, 2011 for work described as "reviewed and edited 5th Cir. brief and conferred w K. Schwartzmann re same." Record Document 108-5. These charges predate Judge Walter's award of attorneys' fees for work associated with the Defendants' appeal and should have been included with that fee application.[5] Therefore, Mach's hours

---

[5] Leonard's supplemental request for fees, Record Document 106, demonstrates to the Court that Leonard was aware that he could submit an additional request for fees

will be reduced for these two entries.  Accordingly, Mach's total hours are reduced

to 6.5.

The Defendants do not challenge Cameron's bill.

In accordance with these findings, the lodestar is calculated as follows:

| | | | |
|---|---|---|---|
| Harrison: | (187.3 hours x $187.50) + (.40 hours x $35.00) | = | $35,132.75 |
| Mach: | 6.5 hours x $187.50 | = | $1,218.75 |
| Cameron: | 2.3 hours x $187.50 | = | $431.25 |
| Total: | | | $36,782.75 |
| | Five Percent Reduction for Billing Judgment: | | x 5% |
| **LODESTAR:** | | | **$34,943.61** |

The Court notes that all of these allowed fees are directly attributable to

Leonard's success in opposing the Defendants' petition.  Having calculated the

lodestar amount as $34,943.61, the Court is reminded of the strong presumption that

the lodestar is reasonable.  See Walker, 99 F.3d at 771.  After a review of the Johnson

factors, the Court does not find that either an upward or downward adjustment of

the lodestar is warranted.

### III. CONCLUSION

Upon due consideration and applying the standards set forth above,

Leonard's motion for attorneys' fees [Record Document 108] be and is hereby

---

for work completed between the time of his filing and the court's ruling.  Despite this
knowledge, Leonard failed to submit a request for Mach's February and April fees.

**GRANTED**. The Court finds that an award of attorneys' fees in the amount of $34,943.61 is both reasonable and appropriate in this case. The fees are specifically allocated as follows:

| | | | |
|---|---|---|---|
| Harrison: | $35,132.75 x 5% | = | $33,376.11 |
| Mach: | $1,218.75 x 5% | = | $1,157.81 |
| Cameron: | $431.25 x 5% | = | $409.69 |

This award is in addition to the two previous awards of attorneys' fees granted by Judge Walter. <u>See</u> Record Documents 77 & 107.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 10th day of July 2013.

_____

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE