UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

HENRY LEONARD                          CIVIL ACTION NO.: 07-813

VERSUS                                 JUDGE ELIZABETH ERNY FOOTE

STATE OF LOUISIANA, ET AL              MAGISTRATE JUDGE MARK HORNSBY
_____

### MEMORANDUM ORDER

Before the Court is a motion for reconsideration, filed by the Plaintiff, Henry Leonard ("Leonard"). See Record Document 120. This motion seeks reconsideration of the Court's ruling on the Plaintiff's motion for attorneys fees. See Record Documents 108 & 119. The Defendants oppose the motion. See Record Document 122. For the following reasons, the Plaintiff's motion for reconsideration is **DENIED**.

In his third motion for attorneys' fees, the Plaintiff sought fees in the amount of $211.50 an hour, claiming that this was the current rate under the Prison Litigation Reform Act ("PLRA"). In support of this request, the Plaintiff cited only to the Judicial Conference's 2011 suggestion that payment to CJA attorneys be raised to $141 per hour and concluded that "**[u]nder these caps, the maximum PLRA rate currently is $211.50 per hour (150% of $141)**." Record Document 108-1, p. 4 n.3. (emphasis in original). The Plaintiff's memorandum was devoid of any authority

to otherwise support this payment. This Court found that the Plaintiff was entitled to an award of attorneys' fees, but that the CJA rate had not, in fact, been increased to $141.00 per hour. Rather, the Court's own research demonstrated that the current rate is $125.00 per hour. The Court then awarded an hourly rate of $187.50, which is 150% of $125.00. The Court found $187.50 per hour was the maximum hourly rate available to be awarded and that such an hourly rate was justified by "the uniqueness and significance of the work completed, and the fact that this type of work [before the Supreme Court] is not done as routinely as counsels' work at the district court and appellate levels." Record Document 119, p. 9. The Plaintiff now seeks reconsideration of the hourly rate awarded, arguing that there is "ample authority to support Leonard's argument that the Court should apply the rate approved and requested by the Judicial Conference as opposed to the rate Congress has actually allocated." Record Document 120-1, p. 3.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration, per se. However, such motions are typically treated as motions to alter or amend a judgment pursuant to FRCP 59(e) or 60. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). In fact, the Fifth Circuit has noted that the standards for Rule 59(e) "favor the denial" of such

motions.  S. Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993).  Motions for reconsideration are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. . . .  Rather, Rule 59(e) serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  Templet, 367 F.3d at 479 (internal citations and marks omitted).  A motion for reconsideration should not be used to advance arguments already presented or relitigate matters that have been resolved, albeit to the moving party's dissatisfaction.  See S. Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc., 2013 WL 392582, *11 (E.D. La. Jan. 31, 2013); Jena Band of Choctaw Indians v. Tri-Millennium Corp., Inc., 2006 WL 51130, *1 (Jan. 9, 2006).  Reconsideration of a prior ruling under such circumstances is considered a waste of judicial time and resources.  See id.

In the instant case, while the Court appreciates the Plaintiff's efforts to bring pertinent authority to its attention, the fact remains that the Plaintiff had an opportunity to raise these same arguments in its initial motion, yet failed to do so.  Nonetheless, the Court is not persuaded by the additional authority now presented by the Plaintiff.  That is, although the Sixth, Seventh, and Ninth Circuits have awarded fees in amounts greater than those approved by Congress, this Court

declines to do so. Reconsideration of the fee award in a situation described by the Plaintiff as a "murky area of law" is imprudent and unwarranted. Accordingly,

**IT IS ORDERED** that the Plaintiff's motion for reconsideration [Record Document 120] be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 23rd day of October, 2013.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE